IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN JAASKA,

                Plaintiff,                          OPINION AND ORDER

    v.

                                                   17-cv-292-bbc

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On September 15, 2017, I granted the parties' joint motion to remand this case for further proceedings before an administrative law judge, pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. ##14-15. On October 26, 2017, I accepted the parties' stipulation on fees under the Equal Access to Justice Act and awarded plaintiff attorney fees in the amount of $4,930.83. Dkt. ##17-18. Now before the court is a motion filed by plaintiff Brian Jaaska's counsel, Dana Duncan, for attorney fees, following a favorable decision from the administrative judge on remand. Dkt. #19. Defendant does not oppose the motion. Dkt. #22.

Counsel reports that he and plaintiff have a contingency fee agreement providing for attorney fees amounting to 25 percent of an award of past-due benefits. On remand, the administrative law judge awarded past-due benefits from which the Social Security Administration withheld 25 percent or $14,294.00 for attorney fees. Counsel has submitted an accounting showing 21.40 hours in attorney time and 11.15 hours in paralegal time spent on plaintiff's case in this court. Pursuant to 42 U.S.C. § 406(b), counsel requests an order awarding a fee for court work in the amount of $2,363.17 (equal to $14,294.00 less the previously

awarded EAJA fee of $4,930.83 and $7,000.00 in fees that will be sought through the agency for work at the administrative level) to be payable out of plaintiff's past-due benefits.

The requested fee is within the statutory cap and the parties' contingency fee agreement, but the court must nevertheless review it to be sure that it is reasonable in light of the character of the representation and the results obtained; the time, labor and skill required; the attorney's experience, reputation, and ability; and awards in similar cases. Gisbrecht v. Barnhart, 535 U.S. 789, 807-09 (2002); McGuire v. Sullivan, 873 F.2d 974, 979-83 (7th Cir. 1989). Here, the requested award is reasonable. Counsel seeks a total of $7,294.00 in fees for 21.40 hours of attorney work at an hourly rate of approximately $302, plus additional compensation for 11.15 hours of work by paralegal staff at an hourly rate of approximately $75. Koester v. Astrue, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases showing that district courts have awarded representative fees that reflect hourly rates as high as $400 to $1,500). See also Richlin Secretary Service Co. v. Chertoff, 553 U.S. 571, 581 (2008) (reasonable attorney fees under EAJA includes paralegal time); Beach v. Berryhill, No. 14-cv-857-bbc, 2017 WL 3275546, at *2 (W.D. Wis. Aug. 1, 2017) (awarding $200 an hour for paralegal work). Counsel is an experienced attorney who represented plaintiff in this court, reviewed the administrative record, drafted a motion for summary judgment, prompted and negotiated a stipulated remand, which resulted in a favorable determination below. In addition, defendant does not oppose the motion. Accordingly, I will grant counsel's motion for attorney fees in the amount of $2,363.17.

ORDER

IT IS ORDERED that the motion for attorney fees filed by plaintiff's attorney, Dana Duncan, pursuant to 42 U.S.C. § 406(b), dkt. #19, is GRANTED. The court approves a representative fee award of $2,363.17 to be payable to Dana Duncan out of the statutory fee withheld from plaintiff Brian Jaaska's past-due benefits.

Entered this 21st day of February, 2019.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge